UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNARD W. MOOTE, Individually, | § | |
| and as Representative of the Estate of | § | |
| JANET CAROLE MOOTE, | § | |
|     Plaintiff, | § | |
| v. | § | C.A. No. C-06-472 |
| | § | |
| ELI LILLY AND COMPANY, and | § | |
| BURCHAM C. FUQUA, JR., M.D., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

Plaintiff's Motion to Remand (D.E. 7) is pending before the Court. For the following reasons, the Court GRANTS plaintiff's Motion to Remand.

I.   Background

Janet Moote allegedly committed suicide by shooting herself in the chest on September 1, 2004. Janet Moote's husband, plaintiff Kennard Moote, alleges that Janet ingested one "Symbyax" pill roughly two hours before she committed suicide. Plaintiff filed suit in state court on August 30, 2006 against Eli Lilly, Symbyax's manufacturer, and Dr. Fuqua, Symbyax's provider. Eli Lilly removed to this Court on October 26, 2006.

Plaintiff alleges strict liability, negligence, and breach of warranty claims against Eli Lilly ("Lilly") and a medical malpractice claim against Dr. Fuqua. Lilly allegedly designs, manufacturers, and markets Symbyax for schizophrenia and bipolar depression. Plaintiff alleges that Symbyax is a chemical combination of Zyprexa and Prozac. Lilly allegedly "failed to adequately warn  prescribing physicians, pharmacists, and patients" about

1

Symbyax's suicide risks.

On August 31, 2004, Dr. Fuqua allegedly provided Symbyax to Janet Moote based on her complaints of shakiness, loss of appetite, and difficulty sleeping. According to plaintiff, Dr. Fuqua simply handed professional samples of Symbyax to Janet Moote. Dr. Fuqua allegedly failed to inform Janet what type of medication he was providing. Plaintiff also claims that Dr. Fuqua did not provide any literature about the drug's FDA-approved uses. Instead, Dr. Fuqua merely stated that Janet should "give it a try" and come back in one week, according to plaintiff. Janet Moote allegedly killed herself the next morning.

Plaintiff and defendant Dr. Fuqua are Texas citizens. Defendant Lilly nonetheless argues that the Court has jurisdiction based on diversity of citizenship because plaintiff improperly joined Dr. Fuqua.

II.    Law

To establish improper joinder, the removing defendant must show: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *E.g.*, *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Here Lilly only argues the second prong of improper joinder.

The test for prong two is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is <u>no reasonable basis</u> for the district court to predict that the <u>plaintiff might</u> be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis added).

A defendant's burden of demonstrating improper joinder is a heavy one. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). All disputed questions of fact and all ambiguities in state law must be resolved the plaintiff's favor. *Gray v. Beverly Enters.-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). Claims of improper joinder are ordinarily resolved by a Rule 12(b)(6) analysis. *See, e.g.*, *Smallwood*, 385 F.3d at 573.[1]

Eli Lilly argues that plaintiff does not state a medical malpractice claim against Dr. Fuqua. The four elements of a medical malpractice claim are: (1) a duty by the physician to act according to applicable standards of care, (2) a breach of the applicable standard of care, (3) an injury, and (4) a causal connection between the breach of care and the injury. *Morrell v. Finke*, 184 S.W.3d 257, 271 (Tex. App.—Fort Worth 2005, pet. abated). Under Texas law, a prescribing physician has a duty to "treat [the patient] with the skills of a trained, competent professional." *Gross v. Burt*, 149 S.W.3d 213, 222 (Tex. App.— Fort Worth 2004, pet. denied). Furthermore, a physician "assumes the duty to warn the patient of dangers associated with a particular prescribed drug." *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 462 (Tex. App.—Austin 2000, pet. denied).

III.   Application

Lilly argues that plaintiff fails to establish a cause of action against Dr. Fuqua because plaintiff is trying to "have it both ways." (D.E. 1). Lilly characterizes plaintiff's claim as

---

[1] In cases where the plaintiff has stated a claim "but misstated or omitted discrete facts," the district court has the discretion to pierce the pleadings and conduct a "summary inquiry." *Smallwood*, 385 F.3d at 574. Here there is no indication that plaintiff has misstated or omitted disclosure of discrete facts. Therefore, only a 12(b)(6)-type analysis is appropriate.

follows: Lilly did not warn Dr. Fuqua of Symbyax's suicide risks and Dr. Fuqua did not warn Janet Moote of Symbyax's suicide risks. Lilly argues that this is an impossibility. If Lilly failed warn Fuqua about Symbyax's suicide risks, then there is no way that Dr. Fuqua could have warned Janet about Symbyax's suicide risks because Fuqua did not know about those suicide risks. Therefore, Dr. Fuqua could not have breached the applicable standard of care. Plaintiff argues that though his claims "seem inconsistent," he presents a colorable breach issue because Dr. Fuqua did not pass along what information he did have (D.E. 7).

Plaintiff's complaint alleges that Dr. Fuqua did not reveal "what type of medication he was prescribing." This fact alone is dispositive. Failing to disclose a medication's identity gives the Court a reasonable basis to predict that plaintiff might be able to recover against Dr. Fuqua under Texas law. Specifically, failing to disclose a medication's identity arguably breached Dr. Fuqua's duty to treat the patient with the skills of a trained, competent professional." *See, e.g.*, *Gross*, 149 S.W.3d at 222. Furthermore, failing to disclose a medication's identity arguably breached Dr. Fuqua's "duty to warn the patient of dangers associated with a particular prescribed drug." *See e.g.*, *Morgan*, 30 S.W.3d at 462. It seems impossible to warn of a medication's risks if the physician does not even disclose the medication's identity.

IV.  Lilly's Claim that Dr. Fuqua is improperly joined under Rule 20(a)

Lilly also argues that federal jurisdiction is appropriate because plaintiff has misjoined Dr. Fuqua. Lilly argues Dr. Fuqua is misjoined because "the claims against these two defendants do not arise out of the same transaction, occurrence, or series of transactions or

occurrences." (D.E. 1).

A party can be "improperly joined without being fraudulently joined." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). A defendant is properly joined if (1) there is asserted against them any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and (2) any question of law or fact common to all defendants will arise in the action. *Id.*; *see* FED. R. CIV. P. 20(a). Though the Fifth Circuit has not analyzed Rule 20, there is persuasive authority that aids the Court in determining that both parts of Rule 20(a) are satisfied.

First, this suit is predicated on one transaction or occurrence. Here, all of plaintiff's claims arise from injuries allegedly caused by taking Symbyax. Janet Moote's single act—ingesting Symbyax—is the basis of this suit. This suit arises out of one occurrence. *See Rice v. Pfizer, Inc.*, 2006 WL 1932565, at *3 (N.D. Tex. July 7, 2006) (stating that Rule 20(a) was satisfied when all of plaintiff's claims arose from injuries caused by one particular drug).

Second, this suit contains common questions of fact and law to both defendants. In its Answer, Lilly states: "Lilly alleges the Plaintiff was fully informed of the risks . . . by the treating physicians." Lilly further states, "Plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. . . . Plaintiff's prescribing physicians were in the position of sophisticated purchasers, fully knowledgeable, and informed." That is enough. Lilly itself admits that common issues bind it and Fuqua—e.g., whether Lilly informed Fuqua of Symbyax's suicide risks. Moreover, plaintiff's negligence causes of action against Lilly and Dr. Fuqua require resolution of identical legal issues such as

causation and damages.

V.   Plaintiff's Request for Attorney's Fees

28 U.S.C. §1447(c) authorizes a district court to "require payment of just costs . . . including attorney fees . . . as a result of the removal." A district court will not award plaintiff attorney's fees if a defendant had "objectively reasonable grounds" in his belief that removal was proper. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Plaintiff's request for attorney's fees is denied. Lilly had objectively reasonable grounds to believe removal was proper based on plaintiff's pleading. Plaintiff's pleading alleged Lilly never informed Dr. Fuqua of Symbyax's suicide risks. This allegation of secrecy—i.e., Lilly not informing Dr. Fuqua of Symbyax's suicide risks—is grounds for Lilly to believe plaintiff's claim against Dr. Fuqua would fail because Dr. Fuqua did not know that Symbyax posed a suicide risk.

The Court GRANTS plaintiff's Motion to Remand (D.E. 7). The Court DENIES plaintiff's request for attorney's fees. The Court finds this case was removed without jurisdiction and is ordered REMANDED to the 229th District Court of Duval County, Texas pursuant to 28 U.S.C. § 1447 (c) and (d).

Ordered this _____20_____ day of _____December_____ 2006.

_____
HAYDEN HEAD
CHIEF JUDGE